IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **GLOBETECTRUST LLC**<br><br>       **Plaintiff,**<br><br>   v.<br><br>**AT&T INC.;**<br>**AT&T OPERATIONS, INC.;**<br>**AT&T SERVICES, INC.; AND**<br>**AT&T VIDEO SERVICES, INC.**<br><br>       **Defendant.** | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff GlobeTecTrust LLC, files this complaint for patent infringement against Defendant AT&T Inc., AT&T Operations, Inc., AT&T Services, Inc., AT&T Video Services, Inc., (together, "AT&T"):

**THE PARTIES**

1. Plaintiff GlobeTecTrust LLC ("GlobeTecTrust") is a Delaware limited liability company with its principal place of business located at GlobeTecTrust LLC, c/o Wilmington Trust SP Services, Inc., 1105 North Market Street, Suite 1300, Wilmington, DE 19801.

2. On information and belief, Defendant AT&T Inc. is a Delaware corporation with its principal place of business located at 208 S. Akard Street, Dallas, Texas 75202.

3. On information and belief, Defendant AT&T Operations, Inc. ("AT&T Operations") is a Delaware corporation with a principal place of business at 530

1

McCullough Avenue, San Antonio, Texas 78205.  AT&T Operations was formerly known as SBC Operations, Inc., and is a wholly owned subsidiary of AT&T Inc.

4. On information and belief, Defendant AT&T Services, Inc. ("AT&T Services") is a Delaware corporation with a principal place of business at 175 E. Houston, San Antonio, Texas 78205.  AT&T Services was formerly known as SBC Services, Inc., and is a wholly owned subsidiary of AT&T Inc.

5. On information and belief, Defendant AT&T Video Services, Inc. ("AT&T Video") is a Delaware corporation with a principal place of business at 1010 N. Saint Mary's Street, San Antonio, Texas 78215.  AT&T Video Services does business under at least the following names: AT&T Home Entertainment and SBC Home Entertainment.  AT&T Video Services is a wholly owned subsidiary of AT&T Inc.

## JURISDICTION

6. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. On information and belief, AT&T is subject to this Court's jurisdiction because AT&T has, upon information and belief, transacted business in the District and in the State of Delaware.  Specifically, AT&T either directly and/or through intermediaries, upon information and belief, ships, distributes, offers for sale, and/or sells (including via the provision of such services over the Internet) products and services in this District.  Additionally, AT&T is a corporation organized and existing under the laws of the State of Delaware.  AT&T thus has, upon information and belief, minimum contacts with this District and State, has purposefully availed itself of the privileges of

conducting business in this District and State, regularly conducts and solicits business within the State of Delaware, and has committed acts of patent infringement in this District and State.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## COUNT I

### (Infringement of U.S. Patent No. 5,469,440)

9. GlobeTecTrust incorporates and realleges the allegations of paragraphs 1-5 as if fully set forth herein.

10. On November 21, 1995, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,469,440 (the "'440 patent"), entitled "Communications Network and Method," to Christopher A. Wade, who assigned his rights and interests in the '440 patent to British Telecommunications Public Limited Company. A true and correct copy of the '440 patent is attached as Exhibit A.

11. GlobeTecTrust is the exclusive licensee of the '440 patent and has the legal right to enforce rights under the '440 patent, sue for infringement, and seek all available relief and damages.

12. Upon information and belief, AT&T is infringing (literally and/or under the doctrine of equivalents) a least one claim of the '440 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling a communications network as claimed in the '440 patent that controls communications between a central station and a plurality of outstations according to the method claimed in the '440 patent. AT&T's infringing networks include

networks maintained in compliance with the ITU-T G.984 standards, including, without limitation, the networks on which services under the "U-Verse" brand are sold.

13.   AT&T committed these acts of infringement without license or authorization.

14.   As a result of AT&T's infringement of the '440 patent, GlobeTecTrust has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

15.   GlobeTecTrust has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '440 patent.

## COUNT II

### (Infringement of U.S. Patent No. 6,262,997)

16.   GlobeTecTrust incorporates and realleges the allegations of paragraphs 1-5 as if fully set forth herein.

17.   On July 17, 2001, the USPTO duly and legally issued U.S. Patent No. 6,262,997 (the "'997 patent"), entitled "Synchronization in Digital Communications Networks," to John Alan Quayle, who assigned his rights and interests in the '997 patent to British Telecommunications Public Limited Company.  A true and correct copy of the '997 patent is attached as Exhibit B.

18.   GlobeTecTrust is the exclusive licensee of the '997 patent and has the legal right to enforce rights under the '997 patent, sue for infringement, and seek all available relief and damages.

19.     Upon information and belief, AT&T is infringing (literally and/or under the doctrine of equivalents) the '997 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling a communications network as claimed in the '997 patent that performs ranging functions between a central station and a plurality of outstations according to the method claimed in the '997 patent. AT&T's infringing networks include networks maintained in compliance with the ITU-T G.984 standards, including, without limitation, the networks on which services under the "U-Verse" brand are sold.

20.     AT&T committed these acts of infringement without license or authorization.

21.     As a result of AT&T's infringement of the '997 patent, GlobeTecTrust has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

22.     GlobeTecTrust has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '997 patent.

## COUNT III

### (Infringement of U.S. Patent No. 5,920,410)

23.     GlobeTecTrust incorporates and realleges the allegations of paragraphs 1-5 as if fully set forth herein.

24.     On July 6, 1999, the USPTO duly and legally issued U.S. Patent No. 5,920,410 (the "'410 patent"), entitled "Access Networks," to Philip John Smith and

David Wynford Faulkner, who assigned their rights and interests in the '410 patent to British Telecommunications Public Limited Company. A true and correct copy of the '410 patent is attached as Exhibit C.

25. GlobeTecTrust is the exclusive licensee of the '410 patent and has the legal right to enforce rights under the '410 patent, sue for infringement, and seek all available relief and damages.

26. Upon information and belief, AT&T is infringing (literally and/or under the doctrine of equivalents) the '410 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling a communications network as claimed in the '410 patent that provides redundant local access according to the method claimed in the '410 patent. AT&T's infringing networks include networks maintained in compliance with the ITU-T G.984 standards, including, without limitation, the networks on which services under the "U-Verse" brand are sold.

27. AT&T committed these acts of infringement without license or authorization.

28. As a result of AT&T's infringement of the '410 patent, GlobeTecTrust has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

29. GlobeTecTrust has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '410 patent.

## COUNT IV

### (Infringement of U.S. Patent No. 6,272,548)

30.     GlobeTecTrust incorporates and realleges the allegations of paragraphs 1-5 as if fully set forth herein.

31.     On August 7, 2001, the USPTO duly and legally issued U.S. Patent No. 6,272,548 (the "'548 patent"), entitled "Dead Reckoning Routing of Packet Data Within a Network of Nodes Having Generally Regular Topology," to David Cotter and Martin C. Tatham, who assigned their rights and interests in the '548 patent to British Telecommunications Public Limited Company.  A true and correct copy of the '548 patent is attached as Exhibit D.

32.     GlobeTecTrust is the exclusive licensee of the '548 patent and has the legal right to enforce rights under the '548 patent, sue for infringement, and seek all available relief and damages.

33.     Upon information and belief, AT&T is infringing (literally and/or under the doctrine of equivalents) the '548 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling a communications network that includes nodes as claimed in the '548 patent that route network traffic according to the method claimed in the '548 patent.  AT&T's infringing networks include, without limitation, networks utilizing a Multiprotocol Label Switching (MPLS) architecture.

34.     AT&T committed these acts of infringement without license or authorization.

35. As a result of AT&T's infringement of the '548 patent, GlobeTecTrust has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

36. GlobeTecTrust has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '548 patent.

## DEMAND FOR JURY TRIAL

Plaintiff GlobeTecTrust, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

For the above reasons, GlobeTecTrust respectfully requests that this Court grant the following relief in favor of GlobeTecTrust and against AT&T:

(a) A judgment in favor of GlobeTecTrust that AT&T has directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '440, '997, '410, and '548 patents ("the Asserted Patents");

(b) A permanent injunction enjoining AT&T and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with AT&T, from infringing the Asserted Patents;

(c) A judgment and order requiring AT&T to pay GlobeTecTrust its damages, costs, expenses, and pre-judgment and post-judgment interest for AT&T's infringement of the Asserted Patents;

(d)    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding GlobeTecTrust its reasonable attorneys' fees; and

(e)    Any and all such other relief as the Court deems just and proper.

Dated: October 1, 2012

/s/ Kenneth L. Dorsney
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Phone:  (302) 888-6800
kdorney@morrisjames.com

*Attorneys for Plaintiff GlobeTecTrust LLC*