**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GLOBETECTRUST LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AT&T INC.; )<br>AT&T OPERATIONS, INC.; )<br>AT&T SERVICES, INC.; AND )<br>AT&T VIDEO SERVICES, INC., )<br>)<br>Defendants. )<br>) | C.A. No. 12-1234-RGA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' FIRST AMENDED ANSWER AND DEFENSES
TO GLOBETECTRUST LLC'S COMPLAINT**

Defendants AT&T Operations, Inc.; AT&T Services, Inc.; and AT&T Video Services, Inc. (collectively "Defendants") hereby file this Amended Answer to the Complaint ("Complaint") filed by Plaintiff GlobeTecTrust LLC ("GTT").

THE PARTIES

1. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit that AT&T Inc. is a Delaware limited liability company with its principal place of business at 208 S. Akard St., Dallas, TX 75202.

3. AT&T Operations, Inc. admits that it is a Delaware corporation with its principal place of business at 530 McCullough Avenue, San Antonio, Texas 78205.

4. AT&T Services, Inc. admits that it is a Delaware corporation with its principal place of business at 175 E. Houston, San Antonio, Texas 78205.

5. AT&T Video Services, Inc. admits that it is a Delaware corporation with its principal place of business at 1010 N. Saint Mary's Street, San Antonio, Texas 78215.

## JURISDICTION

6. Defendants admit that this action purports to arise under the Patent Laws of the United States, Title 35, United States Code. Defendants admit that this Court has jurisdiction over the subject matter based upon the Patent Laws of the United States, Title 35, United States Code, and by Title 28, United States Code, § 1331 and § 1338(a). AT&T denies the legal sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claim thereunder.

7. Defendants admit that they are subject to jurisdiction of the District of Delaware. Defendants deny that they have committed acts of patent infringement or continue to commit acts of patent infringement in this or any District.

8. Defendants admit that venue is proper in this judicial district but deny that this is the most convenient forum for the litigation. Defendants deny the legal sufficiency of Plaintiff's claims and allegations.

## COUNT I

9. Defendants incorporate by reference their answers to the allegations of Paragraphs 1-5 as if set forth herein.

10. Defendants admit that, on its face, United States Patent No. 5,469,440 ("the '440 patent") lists an issuance date of "November 21, 1995," states as its title "Communications Network and Method," names "Christopher A. Wade" as an alleged inventor, and identifies "British Telecommunications" as an assignee. Defendants further admit that Exhibit A to the Complaint appears to be a copy of the '440 patent. Defendants deny that the

'440 patent was "duly and legally issued." Defendants are without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 10 of the Complaint.

11.   Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.   Defendants deny the allegations of Paragraph 12 of the Complaint.

13.   Defendants deny the allegations of Paragraph 13 of the Complaint.

14.   Defendants deny the allegations of Paragraph 14 of the Complaint.

15.   Defendants deny the allegations of Paragraph 15 of the Complaint.

## COUNT II

16.   Defendants incorporate by reference their answers to the allegations of Paragraphs 1-5 as if set forth herein.

17.   Defendants admit that, on its face, United States Patent No. 6,262,997 ("the '997 patent") lists an issuance date of "July 17, 2001," states as its title "Synchronization in Digital Communications Networks," names "John Alan Quayle" as an alleged inventor, and identifies "British Telecommunications" as an assignee. Defendants further admit that Exhibit B to the Complaint appears to be a copy of the '997 patent. Defendants deny that the '997 patent was "duly and legally issued." Defendants are without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 17 of the Complaint.

18.   Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.   Defendants deny the allegations of Paragraph 19 of the Complaint.

20.   Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

## COUNT III

23. Defendants incorporate by reference their answers to the allegations of Paragraphs 1-5 as if set forth herein.

24. Defendants admit that, on its face, United States Patent No. 5,920,410 ("the '410 patent") lists an issuance date of "July 6, 1999," states as its title "Access Network," names "Philip John Smith" and "David Wynford Faulkner" as alleged inventors, and identifies "British Telecommunications public limited company" as an assignee. Defendants further admit that Exhibit C to the Complaint appears to be a copy of the '410 patent. Defendants deny that the '410 patent was "duly and legally issued." Defendants are without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

## COUNT IV

30. Defendants incorporate by reference their answers to the allegations of Paragraphs 1-5 as if set forth herein.

31. Defendants admit that, on its face, United States Patent No. 6,272,548 ("the '548 patent") lists an issuance date of "August 7, 2001," states as its title "Dead Reckoning Routing of Packet Data Within a Network of Nodes Having Generally Regular Topology," names "David Cotter" and "Martin C. Tatham" as alleged inventors, and identifies "British Telecommunications public limited company" as an assignee. Defendants further admit that Exhibit D to the Complaint appears to be a copy of the '548 patent. Defendants deny that the '548 patent was "duly and legally issued." Defendants are without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 31 of the Complaint.

32. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations of Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

## DEMAND FOR JURY TRIAL

Defendants admit that GTT has requested a jury trial under Federal Rule of Civil Procedure 38.

## GENERAL DENIAL

Except as explicitly admitted herein, Defendants deny each and every allegation contained in the Complaint.

PRAYER FOR RELIEF

Defendants deny any and all allegations in the remainder of the Complaint, including any allegations in the Prayer for Relief (Paragraphs A-E). Defendants deny that GTT is entitled to any relief in any form whatsoever from Defendants and specifically deny that GTT is entitled to any of the relief requested in the Prayer for Relief (Paragraphs A-E) of the Complaint. Defendants further deny each and every allegation in the Complaint to which they have not specifically responded.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants assert the following affirmative and other defenses in response to the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative and other defenses described below, Defendants reserve the right to amend their answer as additional information becomes available and additional defenses become apparent.

FIRST DEFENSE

1. GTT has failed to state a claim upon which relief can be granted.

SECOND DEFENSE

2. Defendants have not directly or indirectly infringed, either literally or under the doctrine of equivalents, either individually or collectively, any valid or enforceable claim of the '440, '997, '410, and '548 patents (collectively, "the asserted patents").

THIRD DEFENSE

3. One or more claims of the asserted patents are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE

4. On information and belief, GTT's claims for injunctive relief are barred because: (1) GTT is not likely to prevail on the merits; (2) GTT has not suffered and will not suffer irreparable harm because of Defendants' conduct; (3) any harm to GTT would be outweighed by the harm to Defendants if an injunction were entered; (4) GTT has an adequate remedy at law even if GTT were to prevail in this action; and (5) the public interest would not be served by an injunction.

## FIFTH DEFENSE

5. As to some or all of GTT's claims concerning the asserted patents, GTT's recovery for alleged infringement, if any, is limited by 35 U.S.C. §§ 286 and/or 287.

## SIXTH DEFENSE

6. GTT's requested relief on the asserted patents is barred or otherwise limited by the equitable doctrines of laches, estoppel, waiver, and/or other equitable defenses.

## SEVENTH DEFENSE

7. Defendants have not engaged in any conduct that entitles Plaintiff to attorney fees or costs; and Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Defendants, pursuant to 35 U.S.C. § 285.

## EIGHTH DEFENSE

8. Plaintiff's claims are barred in whole or in part by collateral estoppel.

## NINTH DEFENSE

9. Plaintiff's claims are barred in whole or in part by res judicata.

## TENTH DEFENSE

10. Plaintiff's claims are barred in whole or in part by failure to mark.

## ELEVENTH DEFENSE

11.     Plaintiff's claims are barred by the doctrine of prosecution history estoppel.

## TWELFTH DEFENSE

12.     Plaintiff's ability to recover costs associated with this action is barred or limited under 35 U.S.C. § 288.

## THIRTEENTH DEFENSE

13.     Any and all products or actions for which Defendants are accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the asserted patents.

## FOURTEENTH DEFENSE

14.     Plaintiff's claims are barred in whole or in part by license.

        Respectfully submitted,

        SEITZ ROSS ARONSTAM & MORITZ LLP

| *Of Counsel*: | */s/ Benjamin J. Schladweiler* |
|---|---|
|  | Collins J. Seitz, Jr. (Bar No. 2237) |
| Bryant C. Boren, Jr. | Benjamin J. Schladweiler (Bar No. 4601) |
| Kevin E. Cadwell | 100 S. West Street, Suite 400 |
| BAKER BOTTS LLP | Wilmington, DE  19801 |
| 620 Hansen Way | (302) 576-1600 |
| Palo Alto, CA  94304 | cseitz@seitzross.com |
| (650) 739-7500 | bschladweiler@seitzross.com |
|  |  |
| Roger Fulghum | *Attorneys for Defendants AT&T Inc., AT&T Operations, Inc.; AT&T Services, Inc.; and AT&T Video Services, Inc.* |
| Lisa Kelly |  |
| Ali Dhanani |  |
| William P. Rothwell |  |
| BAKER BOTTS LLP |  |
| One Shell Plaza |  |
| 910 Louisiana |  |
| Houston, TX  77002 |  |
| (713) 229-1234 |  |

Dated:  January 7, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2013, I caused a copy of the foregoing ***Defendants' First Amended Answer and Defenses to GlobeTecTrust LLC's Complaint*** to be served via electronic mail to all counsel of record via the Court's CM/ECF system.

 */s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (Bar No. 4601)